[No. 8056.]

## FORMAN v. CITY OF CENTRAL.

1. JUDGMENT—*Conclusive Effect.* Plaintiff was arrested, imprisoned and convicted of the violation of an ordinance. He afterwards brought his action against the city for such arrest, detention and imprisonment, alleging that the ordinance under which the proceeding was had, was

void for want of publication. *Held* that the validity of the ordinance was a question within the jurisdiction of the magistrate, before whom it was arraigned, and no appeal having been taken from the judgment of conviction it was not subject to collateral attack. (538)

2. MUNICIPAL CORPORATIONS—*Liability to One Prosecuted for the Violation of a Void Ordinance.* Plaintiff declared against the city for an unlawful arrest, and his detention in jail over one night, for the alleged violation of an ordinance, void for want of publication, alleging that the jail where he was incarcerated was a cheap wooden affair, liable to catch afire; that during the night of his detention therein, he was compelled to arise and rebuild the fire, that during his imprisonment he was deprived of the exercise necessary to his health and comfort; that while in the jail he was searched for fire-arms; that his trial, against his protests, was conducted in the presence of the police judge, and about 500 citizens. *Held* that the validity of the ordinance not being an open question, upon the record even though the city could be held liable for the misconduct of its officers, which was not determined, nothing in the complaint entitled plaintiff to an award of damages. (540)

*Error to Gilpin District Court.*—Hon. CHARLES MC-CALL, Judge.

Mr. GEORGE W. FORMAN, *pro se.*

Mr. CHASE WITHROW, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error brought this action against the City of Central to recover damages upon account of the alleged acts of certain of its officials. A demurrer was sustained to his complaint; he declined to amend and brings the case here for review. The substance of his complaint necessary to consider is, that in March, 1909, while in the City of Central, he was regularly charged, arrested, tried and convicted for the violation of an alleged ordinance of said city affecting the public peace; that he was fined $15 and costs, which he refused to pay; that thereupon the said Police Judge did unlawfully pretend and profess to sentence and decree that he be con-

fined in the city jail until the fine and costs were paid, or until he should be discharged as provided by law, whereupon he again refused to pay said fine and costs, and refused to go to jail; that after such sentence, decree and commitment, as aforesaid, and while the plaintiff in error was then being held and detained in the Police Court, the defendant city, by and through its officers, did attempt and endeavor to make him work and labor in and upon the streets of the city during the time which he should have been imprisoned under the sentence and commitment of the Court; that he refused to work upon the streets, and that then and thereupon he was, by the city, through its officers and employes, given his liberty and allowed to go free; that the persons named were the officers of said city and were all acting for and on behalf of said city, and in the performance of their rights, powers and privileges claimed by the city to be, by it then, possessed; that the pretended ordinance under which he was tried was void for the reason that it had never been passed or adopted by the city as provided by law, in this, that it had never been published according to law or otherwise and that said city knew at the time that said ordinance was not in effect.

It is further alleged, that the attempted effort to make him work upon the streets was beyond the powers granted the city by its charter; that while the plaintiff was in jail he was unlawfully searched for firearms; that the jail was a small, cheap, wooden affair; that it was necessary, during the night he was confined therein, to have heat and that the city failed to supply it, but only furnished a stove with fuel for that purpose and that he was compelled to arise from his bunk in the night and put wood on the fire; that there was danger of the jail catching afire; that while he was retained therein, which from the complaint appears to have been during the night preceding his trial, he was deprived of all exercise necessary and requisite to his good health and comfort. It is further alleged that the said pretended trial of the plaintiff

in error in said Police Court, which was conducted over his objections and protests, took place in the presence of about five hundred citizens and residents of said city.

Assuming for the purposes of the case, but without deciding, that the city would be liable for the actions of its officers while acting under a void ordinance pertaining to peace matters, the demurrer was properly sustained. The complaint discloses the regularity of the proceedings in a matter wherein the city had the right to enact and enforce its ordinances pertaining thereto. Whether the ordinance under which the defendant was being tried was void for lack of publication was a question to be raised and determined at the trial of the defendant when charged with its violation; that was a question within the jurisdiction of the magistrate to determine. Not having raised the question, or if he did, the court evidently having decided against him, and no appeal having been taken therefrom, the judgment became final, and, the court having jurisdiction in the premises, it must be respected until reversed, set aside or annulled, as provided by law.

In *Taggart v. Fugel,* 46 Colo. at page 402, 105 Pac. 1091 this court said:

"A judgment by a court having jurisdiction, however erroneous, not appealed from, or questioned in the manner and time as provided by law, is nevertheless conclusive upon all parties affected thereby, and cannot be attacked collaterally."

From the foregoing and other cases cited therein, it follows that this action in this respect is clearly a collateral attack upon the former judgment, which cannot be reached in this manner. We are not impressed with counsel's contention that because the city gave him his freedom and did not attempt to enforce the commitment, for that reason it was not incumbent upon him to appeal from the judgment, if he desired at any time thereafter to attack its regularity. The judgment was for $15 and costs; according to his complaint it still thus stands against him. The commitment appears to have been

authorized by ordinance for the enforcement of the payments of such judgments. Whether the city was authorized to provide such a system is unnecessary to determine, for the reason the complaint discloses that it was not thus enforced.

Plaintiff has alleged the existence of another ordinance of the city pertaining to the collection of fines by compelling work upon its streets, which it is alleged the city was without authority to enact. Authorities are cited to sustain this position. We deem it unnecessary to pass upon the validity of this ordinance for the reason the complaint discloses that the city did nothing other than make its demands upon the plaintiff that he work out the amount of his fine, which he refused to do, and thereupon he was given his liberty.

The search of the plaintiff for firearms while in the custody of the Marshal in the exercise of a sound discretion was within that officer's right, when conducted in a reasonable manner. The fact that the jail was a small, cheap, wooden affair does not call for damages against the city. Also, the fact that it was simply supplied with a stove and fuel for the comfort of its inhabitants over night, to be kept up by them, should they desire further heat after retiring, it is not sufficient to call for an award of damages. That there might be danger of its catching afire is probably true, as likewise there might be danger of other frame buildings or even those constructed of more substantial material; being subject to such danger is readily apparent, but the allegations in this respect are not sufficient to justify a claim for damages upon account thereof. No detailed allegations are alleged to show that it was any more subject to such danger than any other portion of the city.

The allegation that while he was therein, which, as stated, appears to have been during one night, he was deprived of all exercise necessary and requisite to his good health and comfort, is inconsistent with that to the effect that he declined to work upon the streets the next day, and is not followed with any statement that his

health was affected upon account of the want of exercise during that period. The bare allegation that a large number of citizens attended the trial states no part of a cause of action against the city.

The fact that the plaintiff was arrested one day for violating the ordinance, detained over night and tried during the next day, is not sufficient of itself to show that he was either unlawfully or unreasonably restrained of his liberty. There is no allegation that he was denied, or that he even requested bail; there is no allegation in this respect to show that he was retained any unreasonable length of time. The gist of his action is based upon the theory that as the ordinance was void the court was without jurisdiction, and hence his detention for any length of time was unlawful, for which he was entitled to damages. For the reasons above stated, he is not entitled to have this question determined in a collateral attack upon that judgment as here attempted.

Perceiving no prejudicial error, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.