## No. 12,446.

### Estate of Schmidt.
### Schmidt *v.* Dillingham.

Decided December 16, 1929. Rehearing denied January 13, 1930.

Messrs. Morrissey, Mahoney & Scofield, Mr. Harold G. King, for plaintiff in error.

Mr. Charles R. Bosworth, Mr. S. S. Abbott, for defendant in error.

*In Department.*

Mr. Justice Adams delivered the opinion of the court.

This case pertains to the legality of the will of John George Schmidt, deceased. It is to be read in connection with *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21. May Liberty Schmidt, the sole beneficiary under the will, sought to have it admitted to probate. Georgie Dillingham contested its provisions, and filed a caveat, to which the proponent Schmidt demurred. The trial court, as reported in the former case, sustained the demurrer. The contestant elected to stand on the caveat, brought the case here on error and we reversed the judgment, with directions to overrule the demurrer. *Dillingham v. Schmidt, supra.*

As to matters that have transpired after the case was remanded: The trial court overruled the demurrer to the caveat, pursuant to our directions. Proponent filed an answer to the caveat. The caveatrix moved that the answer be stricken, which motion the trial court granted, on the ground that our previous decision was decisive of all matters raised in the answer. Proponent asked leave to amend her answer, which request was denied. Following this, the district court reversed the judgment of the county court in admitting the purported will to probate. Further, the district court denied such probate and record, ordered that the estate of John George Schmidt, deceased, be administered as an intestate estate, and remanded the cause to the county court for further proceedings in accordance with such judgment of the district court. May Liberty Schmidt brings error to review the matters set forth in this paragraph, and asks for a supersedeas. Counsel join in a request for final determination on the supersedeas application.

As stated in our former opinion, the county court incorporated a provision against the disinheritance of Georgie Dillingham, in proceedings in adoption when she

was a child, in the year 1908, twenty-one years ago. This provision ran against John George Schmidt, since deceased, and his wife, Georgie's adoptive parents.

1. We approve of the disposition made of the case by the district court. The answer raised no new matter or question not considered and determined under the former writ. The answer was repetitious as to such matters, but more in detail concerning the proceedings that led up to the final decree of adoption, entered in the county court in the year 1908. Such answer was a collateral attack on that decree, principally on account of alleged irregularities. In our former opinion we discussed the effect of irregularities committed in the exercise of jurisdiction.

2. Counsel for proponents question the jurisdiction of the county court in the old proceedings in adoption. This is the third time that the question has been attempted to be raised, first, under the former writ of error; next, on the petition for rehearing in that case, which proponent's counsel reargued, in violation of our rule 48, and now it appears again. Our answer will be found in *Dillingham v. Schmidt, supra.* Additional reasons might be given why the old judgment cannot be collaterally attacked, particularly after this long period of time, but the question of jurisdiction was argued and thoroughly considered by the court en banc in the other case, and we see no reason to change our decision.

3. There was no portion of the estate of John George Schmidt, deceased, validly conveyed by will. Under such circumstances, the executor named in the will had no right to administer the estate. It is to be administered as intestate property. See the last paragraph of section 5211, C. L. 1921, quoted on pages 37 and 38 of 85th Colo., in our former opinion.

4. The amendment to proponent's answer that her counsel wished to make, and which the trial court refused, is stated in the words of Mr. King, one of her attorneys, made to the honorable judge at the trial, as fol-

lows: "We would like leave to file an amended answer, only just certain minor technical averments; we do not raise any new questions your Honor has not passed on." We are not informed by the record what these "minor technical averments" were, but we glean from the briefs of the same attorneys that their purpose was to again challenge the jurisdiction of the county court in the old proceedings in adoption. The trial court was right in denying this repetitious plea, adjudicated under the former writ.

5. To strike an answer, without giving proponent an opportunity to amend, was a drastic action, which, if generally followed, might lead to serious injustice, but the irregularity did not so result in this case. It was imperative that the attorneys for the proponent desist from their repetitious pleas and arguments. There was no question of fact to be proven, except the old record in the adoption proceedings, set forth at length in the answer, but we have accepted the authenticity of this record in this instance, for all purposes here, and the trial court and parties so understood it.

At the stage of the proceedings when the answer was stricken, the time had arrived to cease further contentions. There was no alternative. The only remaining question, therefore, concerns the mode of summary dismissal, by which the trial court ushered proponent out of court. If an option as to the manner of enforced retirement affected substantial rights, we should reverse the case, but in this instance it would be only to permit proponent's counsel their choice of exits. This would seem to be an idle ceremony, however, because it all leads to one end, namely, their release from further attendance on a case thoroughly considered and conclusively decided.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Campbell and Mr. Justice Alter concur.