No. 12,626.

GERBIG v. SPELTS.
(300 Pac. 606)

Decided June 8, 1931.

Mr. CLAUDE D. WALROD, Mr. GEORGE E. HAGER, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

GERBIG was plaintiff and Blanche A. Spelts defendant in the trial court. They will be referred to as there aligned.

Defendant owned a tract of land in Sedgwick county, on which there was a growing crop of wheat. Under a written agreement, defendant agreed to sell and plaintiff agreed to buy the land with the growing crop thereon for a stated price, subject to an outstanding mortgage of record. Title to be merchantable. Plaintiff made a first payment, but refused to consummate the transaction, alleging as a reason therefor that the title is defective. He brought this suit, in the nature of a bill for specific performance and for an accounting as to the wheat crop, and avers that he is ready, willing and able to carry out

his part of the contract upon proper conveyance of a merchantable title, according to contract. The prayer of the complaint is in the alternative, that defendant be required to perfect the title, convey the premises to plaintiff and to account to plaintiff for the growing wheat thereon, or, if the title cannot be perfected, that he have judgment against defendant for the amount of the first payment, with interest.

Issue was joined on the question of merchantability of title, and by way of cross complaint, defendant claimed money damages for expenses incurred in another action, a certain replevin suit brought by defendant against a bank after the sale contract was made, to recover possession of certain title papers and documents pertaining to the land in question.

The present cause was tried to the court, judgment was for defendant that the title is merchantable and the court directed specific performance of the contract as to the land, but found that there was no proof as to the value of the wheat crop, hence no right of recovery in plaintiff. Defendant took nothing on her cross complaint. Plaintiff brings the cause here for review and defendant assigns cross-error because she was not allowed damages on her cross-complaint.

Title to the land was registered by one Beadle, a former owner, through whom defendant deraigns ownership. A certificate of title was issued to Beadle, which was later cancelled and new certificate issued to defendant after the land was deeded to her. The registration was under the provisions of ''An Act Concerning Land Titles,'' commonly known as the Torrens system, chapter 103, section 4924, et seq., C. L. 1921. Plaintiff claims that defendant holds only an estate during the life of one Mary S. Davis, another former owner, with remainder to her children. Defendant answers that these questions were all settled in the registration proceedings, but plaintiff insists that such proceedings are void for want of jurisdiction.

The title, as far as it concerns this case, begins with undisputed ownership in one William Duncan. On June 15, 1910, he and his wife Elizabeth executed a warranty deed to Mary S. Davis. The instrument contains the following clauses:

"The above described land is hereby conveyed to the said Mary S. Davis for her use only during her natural life and at her death is to go in equal shares to her then surviving children and if no children survive her, then said property is to go regularly to her then heirs at law.

"This deed is given by the above mentioned William Duncan and accepted by said Mary S. Davis in lieu of all the right, title or interest which the said Mary S. Davis may have in the estate which the said William Duncan may leave at his death."

The habendum clause of above deed contains the usual words, "To Have and to Hold * * * unto the said party of the second part [Mary S. Davis], her heirs and assigns forever."

On March 3, 1911, Duncan and his wife executed a quitclaim deed to Mary S. Davis, which contains the following clause: "This deed is executed and delivered by the parties of the first part for the purpose of conveying the full title and interest in and to the said land, and to release the said land and party of the second part from all and every restriction contained and expressed in a certain warranty deed dated June 15th, 1910, executed by first parties to said second party, conveying said lands to the said party of the second part to her use only during her natural life and at her death to go in equal shares to her then surviving children, and if no children survive her, then said property to go regularly to her then heirs at law. It being the intention of the parties of the first part in executing this deed, to fully and completely convey and vest in said party of the second part the full and absolute title to said land, free and clear of any restrictions or conditions whatsoever, as fully as the same could

have been done if the said warranty deed did not contain such restrictions and reservations."

July 30, 1917, Mary S. Davis and her husband executed a warranty deed to S. M. Beadle. May 28, 1918, Beadle filed application for initial registration of title under the provisions of the act above mentioned. The registration proceeding is entitled and the summons therein is directed as follows: "S. M. Beadle, Plaintiff, versus Cleo Davis and Victor Davis, minor children of Mary S. Davis, and the persons in being, as well as those not yet in being, if any, who shall constitute the surviving children of Mary S. Davis at the time of her death, and all other persons or parties unknown, claiming any right, title, estate, lien or interest in the real estate described in the application herein, Defendants." The court appointed a guardian ad litem in that matter, who served under the provisions of section 4947, C. L. 1921.

November 8, 1918, final decree was entered in the registration proceeding and Beadle's title in fee simple, free of encumbrances, was confirmed, registered, and certificate of title issued to him. Thereafter, by conveyance from and through Beadle, the defendant Blanche A. Spelts, as above indicated, became the owner, the former certificate of title was cancelled and on August 24, 1924, a certificate issued to Spelts, showing her ownership in fee subject to the admitted encumbrance. Such is the title offered by defendant and rejected by plaintiff.

This is not a statutory appeal or writ of error brought to review the registration proceedings. This cause presents an attack on the registered title by Gerbig in a suit solely between him and Spelts, apparently born of Gerbig's fear that the title tendered by Spelts is bad. It does not appear that either the Davis children or anyone but Gerbig and his attorneys has ever called the registered title into question, at least in any judicial proceeding.

1. Counsel for defendant argues that plaintiff cannot question the registration proceedings in this suit,

for the reason that it is a collateral attack on a judgment. Without disparagement of the registration proceedings, we may say that if they were void for want of jurisdiction, as plaintiff contends, he has such a direct pecuniary interest that he is at least entitled to be heard on that question. *Crippen v. X. Y. Irrigating Ditch Co.*, 32 Colo. 447, 461, 76 Pac. 794, is somewhat analogous. It is there said: "Unquestionably, the general rule is that a stranger may not maintain the action. But where the enforcement violates his rights, the stranger is affected by the judgment, and may be relieved against it." So, plaintiff's complaint cannot be dismissed solely on the ground that he is a stranger. In a sense, it may be said that plaintiff contracted to buy and defendant to sell the judgment, i. e., the registered title, and it could not be forced on him if it were a nullity, no matter at whose instance it might be so declared. On the other hand, if the decree in registration is immune from direct attack by the Davis children and others, in this instance plaintiff has no ground for direct or collateral attack, because the title proffered is good.

■ 2. Plaintiff's first objection to the registration proceedings is that it is made a condition under section 4925, C. L. 1921, that no estate less than in fee simple can be registered, unless the estate in fee simple to the same land is registered. The statute so specifies, but the argument is inapplicable because the fee title was in fact the interest claimed and proven by the applicant in the registration proceedings, and certificate issued accordingly.

■ 3. Plaintiff further contends that the decree in registration is void for the reason that it was prematurely made and entered. It appears from the judgment roll therein that the Davis minors were residents of the state of Oklahoma, where they were served by mail, as required by section 4945, C. L. 1921. In addition, service by publication was made, as provided by section 4944. Before November 8, 1918, the date of the decree, service

on all necessary parties was complete, but the twenty days for answer allowed by the summons (section 4944) had not expired. The decree was therefore premature, but it does not necessarily follow that it was void. The court had jurisdiction, all subsequent proceedings were in the exercise of jurisdiction, and the decree was voidable only. *Brown v. Tucker,* 7 Colo. 30, 34, 1 Pac. 221.

4. The decree in registration is not even voidable at this late date. Section 4955, C. L. 1921, reads: ''No person shall commence any proceeding for the recovery of lands or any interest, right, lien, or demand therein or upon the same adverse to the title or interest as found or decreed in the decree of registration, unless within ninety days after the entry of the order or decree; and this section shall be construed as giving such right of action to such person only as shall not, because of some irregularity, insufficiency, or for some other cause, be bound and concluded by such order or decree.''

Section 81 of the Code of Civil Procedure provides that relief may be had from judgments on application made within a reasonable time, not exceeding six months after the adjournment of the term, but as above pointed out, Beadle got his decree in the year 1918. The present action was commenced ten years later in 1928, and even now it does not appear that any attempt has ever been made to vacate the registration, or to review it on error. The irregularity of a premature entry of the decree has been long since cured by acquiescence and lapse of time. Defendant's title is therefore merchantable.

5. Counsel for plaintiff cites numerous authorities to uphold his contention that the original deed from the Duncans to Davis created only a life estate, and that the Davis children are still vested with an interest in the land, regardless of the determination in the registration action, but that action settles the controversy. Counsel for defendant point out similarities in the original Davis deed to the deed involved in *Millage v. Churchill,* 69 Colo. 457, 195 Pac. 107, where it was held that the fee simple

title was conveyed. There is at least one similarity in the deed involved in the Millage case to the original Davis deed in the present cause. In language used on page 460 of that opinion, the deed "contains conflicting provisions, capable of different plausible interpretations," but this merely emphasizes the fact that the court had that matter before it in the registration action where the title was confirmed in Beadle, defendant's grantor. We rest our decision here on the integrity and conclusiveness of the judgment there rendered, and are not dependent on the Millage case.

*White v. Ainsworth*, 62 Colo. 513, 163 Pac. 959, was a suit to cancel a tax deed and set aside a decree under the Torrens act. We upheld the act and said at page 526 of the opinion that the trial court could not determine the sufficiency of the evidence in the previous registration suit; that "This would simply lead to another trial of the facts in the former action, which is not permissible." These words are pertinent to the present case.

■ 6. The court refused to allow evidence of defendant's damages alleged to have been incurred by reason of a certain bank withholding the certificate of title and defendant's deed in escrow, except on payment of the sum of $1,000 demanded of defendant by the *bank,* under instructions of *another bank,* from whom the documents were received, by reason of which defendant brought replevin against the receiving bank to recover the papers. Defendant assigns cross-error on this ruling. Apparently plaintiff was not a party to the action in replevin. Regardless of the court's reasons for its ruling on the question of damages growing out of that action, nevertheless, if the cross-complaint in the present case or proof tendered meant to say that the papers were withheld under instructions or at the behest of plaintiff, the record fails to show it. Whether defendant had a cause of action against either bank, growing out of the replevin suit, none was stated against plaintiff on that ground, and the tender of proof was rightly rejected.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE MOORE and MR. JUSTICE ALTER concur.