No. 13,212.

NEVILLE ET AL., ADMINISTRATORS *v*. BRACHER ET AL.
(31 P. [2d] 911)

Decided March 26, 1934.

Mr. AB H. ROMANS, Mr. HATFIELD CHILSON, Mr. FAN-CHER SARCHET, for plaintiffs in error.

Mr. FREDERICK E. DICKERSON, Mr. THOMAS J. MORRIS-SEY, Mr. GEORGE O. BAKKE, Mr. WILLIAM A. BRYANS III, Mr. CONRAD L. BALL, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as Ray and Frank, their sisters as Amy, Cora and May, and their father James E. Neville, deceased, as Mr. Neville. Defendants in error are referred to as Beatrice and Genevieve, and their mother, Marie T. Neville as Mrs. McHugh.

The question here presented is the right of Beatrice and Genevieve, adopted children of Mr. Neville, to participate as such in his estate, despite his will by which that estate was left to his other children. The county court held for the latter and the district court for the former. To review the last judgment this writ is prosecuted.

The controlling facts are undisputed. In the district court at Omaha, Nebraska, on January 24, 1905, Mrs. McHugh was awarded a final decree of divorce from her husband, Joseph D. McHugh, and the custody of their daughters, said Beatrice and Genevieve. The defendant in that case was served by publication. Neither to Mrs. McHugh nor to any one else, so far as the record discloses, was his whereabout then or ever thereafter known. The grounds of the divorce were cruelty and nonsupport. October 6, 1914, in the Denver juvenile court, a decree was entered whereby Mr. Neville and Mrs. McHugh, under the names of James E. Neville and Marie T. Neville, as husband and wife, adopted said Beatrice and Genevieve, then 13 and 12 years of age respectively. The decree recites the promise of the petitioners not to disinherit the children "which promise is one of the conditions of this decree," also the "written consent and request of the mother, Marie T. McHugh." On the same day, and within an hour after the entry of the decree of adoption, Mr. Neville and Mrs. McHugh were married. The contract of adoption and the agreement not to disinherit were a part of the consideration of the contract to marry. Within a few weeks the Nevilles separated and a divorce followed. In connection therewith a stipulation, signed by attorneys for the respective parties, provided that Mrs. McHugh (Neville) was to receive $1,650 "in full as alimony and attorneys fees and compensation for the care and support of Genevieve and Beatrice Neville, who are the natural children of said plaintiff and who were in form of law adopted by said plaintiff and defendant at the time of their marriage * * * and that said Marie T. Neville shall immediately, if possible, have vacated the adoption of said children by defendant, * * *." The $1,650 was paid and Mrs. McHugh made an effort to have the adoption decree vacated, but failed. May 6, 1931, Mr. Neville executed his will, leaving all his property to Ray, Frank, Amy, Cora and May. Two months later he died. The will

was filed for probate and contested by Beatrice and Genevieve. The district court held the decree of adoption valid and the will void in so far as it violated the prohibition against disinheriting contestants, and held them each entitled to a one-seventh interest in the estate of Mr. Neville.

 It is here contended that the decree of adoption is void because it falsely recited that Mr. Neville and Mrs. McHugh were husband and wife, and because it was not consented to by the father of the children. But the adoption was a part consideration for the marriage which took place within an hour. The law does not ordinarily notice fractions of a day, hence the adoption and marriage are presumed to have been contemporaneous. *Bacon v. Lamb,* 4 Colo. 474. "The ends of justice can never require that the law depart from the ordinary rule, and recognize a fraction of a day to defeat the manifest intention of the parties." *City of Denver v. Pearce,* 13 Colo. 383, 390, 22 Pac. 774.

 The consent of a parent to adoption is not required where that parent has abandoned the child. C. L. 1921, §5512. We think the abandonment of Beatrice and Genevieve by their father sufficiently appears from the record before us. If more were needed the usual presumptions in favor of a judgment lead to the further presumption of proof of abandonment before the juvenile court at the time its decree was entered. Again, counsel for Mr. Neville, presumably thereunto authorized, admitted the legality of the adoption in the stipulation above referred to. Moreover, the attack here made on the decree of adoption is collateral and in such an attack a judgment is not subject to such objections. *Clarke v. Asher,* 53 Colo. 313, 125 Pac. 538; 16 A. L. R., p. 1024; *Dillingham v. Schmidt,* 85 Colo. 28, 36, 273 Pac. 21.

██ The validity, for the purposes of this case, of the decree of adoption being clear, all other questions here presented are settled in this jurisdiction by the Dillingham case, supra. Therein we held that a testator could

not thus, by will, disinherit an adopted child contrary to the specific prohibition of the decree of adoption.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.