No. 19,814.

GERALD W. POOL, ET AL. *v.* MARVIN LLOYD HAROLD.

(367 P. [2d] 592)

Decided December 26, 1961.   Rehearing denied January 15, 1962.

Messrs. STINEMEYER & STINEMEYER, Mr. ROGER M. BREYFOGLE, for plaintiffs in error.

Messrs. IRWIN & IRWIN, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFFS in error were defendants and defendant in error was plaintiff in the trial court. We shall refer to them as they there appeared or by name.

The matter in issue is whether an adoptive father, who had agreed with the court granting the adoption not to disinherit his adopted child, could nevertheless do so.

The Last Will and Testament of Charles M. Harold, Deceased, plaintiff's adoptive father, was admitted to probate on May 7, 1960, in Fremont County, Colorado. The adoptive mother of plaintiff had previously secured a divorce from Charles, leaving plaintiff as his sole heir at law by virtue of the adoption decree entered in the Juvenile Court of the City and County of Denver on September 24, 1926. This decree read in pertinent part that Charles and his wife "promise not to disinherit said child; which promise is one of the conditions of this decree."

By his Will, Charles bequeathed plaintiff $10.00 out of a gross estate of $9,833.58; the balance of his estate was bequeathed to plaintiffs in error Pool and Callahan and a nonappearing party, the Church of the Nazarene — all strangers to the testator.

Plaintiff brought this action in the district court seeking to impress a trust on the corpus of the estate and sought an order requiring the executor to pay plaintiff the net assets therefrom.

Following trial to the court written findings of fact, conclusions of law and judgment were entered based upon four previous decisions of this court, viz.: *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21 (1928); *Schmidt v. Dillingham,* 86 Colo. 576, 283 Pac. 1041 (1930); *Neville v. Bracher,* 94 Colo. 550, 31 P. (2d) 911 (1934); and *Quintrall v. Goldsmith,* 134 Colo. 410, 306 P. (2d) 246 (1956).

Defendants urge two grounds for reversal stating that

as a matter of law the above mentioned decisions are inapplicable because:

"(A) That in the instant case the adoption Decree was not supported by a separate contract (as in *Dillingham v. Schmidt*), and

"(B) That in the instant case, the legatees under the Last Will and Testament of said decedent were not attempting to attack, collaterally, the Decree of Adoption."

■ Though generally, adopted children gain only the ordinary rights of inheritance, as was said in *Dillingham,* supra, this "\* \* \* does not affect the power of the adoptive parent to dispose of his property by will, but the adoptive parent may deprive himself of the power thus to dispose of his property by a contract binding him to give the adopted child a certain share of his property."

The point defendants make is that in *Dillingham* there apparently was a contract separate and apart from the decretal requirement not to disinherit. Due to this factor, and the scope of *Dillingham* being limited by our decision in *Quintrall,* supra, they contend that there being no separate contract here, the judicial extraction of such a non-statutory requirement as a promise or condition of the adoption is void. We do not agree.

In *Quintrall* we stated in pertinent part:

"The first question to be determined is: At the time the first adoption decree was entered was the wording relating to the forced inheritance contained therein valid?

"[1] This question is answered in the affirmative. However unwise may have been the decision in Dillingham v. Schmidt, supra, we are not disposed to overrule it now and for the same reason we are not willing to extend its application. It has been the rule of this jurisdiction followed since 1928 and until the adoption of C.R.S. '53, 152-2-4, that such wording in a decree is valid and binding on the first adoptive parents. We recognize that vested rights may have accrued to some of our citizens

thereunder. It seems to us however that the better rule, even in the absence of statute, would be that a court may not in an adoption proceeding, impose a requirement, not expressly authorized by statute, as a condition to granting relief which it clearly has a duty to grant. See Windsor v. McVeigh, 93 U.S. 274, 23 L. Ed. 914, cited in United States National Bank of Denver v. Bartges, 120 Colo. 317, 337, 210 P. (2d) 600. We find nothing in the statutes in effect in 1927 authorizing the court to require prospective adopting parents to submit to such a condition precedent as the price of granting an adoption decree. We are not now concerned with whether at the time of adoption an express written contract with the parents would have been enforceable, even though merged in the decree. Here there was no such separate contract."

■ It is true that in *Quintrall,* in speaking of the *Dillingham* decision, we used the words " \* \* \* we are not willing to extend its application." This language, however, did not mean there had to be a separate contract to enforce an agreement not to disinherit, though we mentioned that difference. We made it definite however that such forced inheritance, though irregular, would be sustained if made prior to the enactment of C.R.S. '53, 152-2-4 in 1941. It is stated in Quintrall that "We recognize that vested rights may have accrued to some of our citizens thereunder."

We also point out that in *Quintrall* it was held that " \* \* \* the wording in question must be construed to mean ' \* \* \* not to disinherit said child \* \* \* ' *as long as the Wiltses stood in loco parentis."* There that status no longer obtained since the first adoptive parents were surplanted by a later re-adoption of the child by other parents. In the instant case the testator remained the adoptive parent until his death, and was still bound by the adoption decree.

■ We turn next to the question as to whether the defendants were making a collateral attack upon the original adoption decree by admitting the adoption but

asserting the inapplicability of a condition therein in defense of the plaintiff's action. We cannot so view it. Defendants were not seeking to set aside a judgment long since matured, nor were they seeking to prevent by caveat the probate of a will which was contrary to the adoption decree. Cf. *O'Brien v. Wallace,* 137 Colo. 253, 324 P. (2d) 1028 (1958). They merely sought to show that the conditions of the adoption decree did not apply where there was no separate contract relating to the adoption and inheritance matter and where the plaintiff himself was attacking the effect of the Will.

Disputes as to decretal or contractual rights usually are not determined or even determinable until a claim is asserted thereunder. Plaintiff himself raised the issue in dispute by his initial district court action. The defense of the limited nature of plaintiff's right was indeed properly asserted. To hold otherwise would mean that regardless of the reason for the asserted inapplicability of the judgment of adoption to this Will the defendants could not assert their defense thereto. This cannot be the law.

The judgment is affirmed.