No. 21126.

Genevieve Josephine Giambrocco v. Joseph Giambrocco.
(423 P.2d 328)

Decided February 6, 1967.

PEHR and NEWMAN, for plaintiff in error.

VICTORIA F. GROSS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE parties appear here as they did in the trial court and therefore the plaintiff in error, Genevieve Josephine Giambrocco, will hereinafter be referred to as the plaintiff and the defendant in error, Joseph Giambrocco, will hereinafter be referred to as defendant.

In 1961 the plaintiff filed her action for divorce against the defendant, and the defendant filed an answer and cross-claim. Additional pleadings were filed and hearings had, all of which culminated in a decree of divorce entered on June 17, 1963, wherein the trial court granted the divorce to both the plaintiff and the defendant.

Thereafter, on August 28, 1966, the trial court held a hearing relating to the custody of the children, support for the children, alimony, and a division of prop-

erty. In the trial court's order, provision was made for the custody of the children, their support, and $400 a month alimony to the plaintiff. Additionally, the trial court, with respect to the family home, valued at $28,500, ordered and directed that the plaintiff convey her interest in this property to the First National Bank of Denver as trustee. That portion of the "Judgment and Decree" is quoted, as follows:

"6. The parties shall forthwith convey to The First National Bank of Denver, Denver, Colorado, as Trustee, the residence property at 4145 Yarrow Street, Wheatridge, Colorado, under an agreement which shall be drafted and approved by the parties hereto, or submitted to the Court for its approval, wherein and whereby the defendant is ordered to pay the 1962 taxes now in default, and all costs and fees of the trustee. The agreement shall provide that the property be not sold or mortgaged except upon approval of the parties hereto, or by the court, upon notice to the parties to this action then surviving, or their legal guardians, if any. The defendant may make his residence at the property, with any children then in his care and custody, without payment of rental, but upon the express condition that he pay all costs of repair, upkeep, taxes, insurance, and other burdens of ownership. All avails and proceeds from the ultimate sale or other disposition of the property shall be divided among the children of the parties, share and share alike, the children of any deceased child to take the parent's share, *per stirpes.*

"7. The Plaintiff shall vacate the residence property at 4145 Yarrow Street, Wheatridge, Colorado, within fifteen days from this date."

The trial court also decreed that, in the event the defendant shall die within one year next following this decree, then in lieu of the alimony which the plaintiff would be otherwise entitled to receive, *the plaintiff shall have a claim against the estate of the defendant which shall be in the nature of, and allowed as, a fourth*

*class claim in the sum of $14,000.* Further, the trial court ordered that, in the event the death of the defendant should take place after the one-year period, while the plaintiff was entitled to receive alimony, the amount of such claim should decline by the sum of $1,000 each succeeding anniversary date after the effective date of the trial court's decree.

The plaintiff herein seeks reversal, and contends that the trial court exceeded its jurisdiction and abused its discretion in entering the judgment and decree on August 28, 1963, requiring the plaintiff to convey, without consideration, certain real property to the First National Bank of Denver, Denver, Colorado, as trustee for the three minor children of the parties; also that the court erred as a matter of law and abused its discretion and exceeded its jurisdiction by providing that the alimony awarded to the wife, in the event of the death of the defendant, should be the sum of $14,000 and should constitute a fourth class claim against the estate of the defendant and should decline by the sum of $1,000 per year after August 28, 1963.

The jurisdiction of the trial court with reference to the matter of division of property in a divorce action is set forth in C.R.S. 1963, 46-1-5 (2), as follows:

"At the time of the issuance of a divorce decree, or at some reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree, on application of either party, the court may make such orders, if any, as the circumstances of the case may warrant relative to division of property, in such proportions as may be fair and equitable."
C.R.S. '53, 46-1-5, with respect to the subject matter herein treated, is substantially similar.

■■ It is obvious from the trial court's order that the ultimate beneficiaries of the trust which the court ordered should be the children of the parties. The statute, however, authorizes the trial court only to make an equitable and just division of the property between

the parties involved in the divorce proceedings as that property is shown to exist at the time of the order. The trial court, however, does not have authority to award such property or any part thereof to the children of the parties or other persons. Under the authority of C.R.S. 1963, 46-1-5 (2), the trial court is clearly limited in adjusting and dividing the assets of the husband and wife as between them alone. This is well established in Colorado. In *Menor v. Menor*, 154 Colo. 475, 391 P.2d 473, this court stated:

"\* \* \* The trial court was without authority to direct that James must give to each of his children a share in a future estate which he may or may not acquire. The obligation of the defendant is to provide reasonable support for his children according to their need, within the range of his ability. A father of children is under no obligation to settle any property upon his children, or to deed them an interest in any asset. On the contrary he may by will or deed or other voluntary act disinherit a child if he sees fit to do so. As was said in *Feldman v. Feldman*, 166 Kan. 699, 204 P.(2d) 742.

" '\* \* \* the general rule is that in granting a divorce a court has no authority under the statute to decree that a part of the property of the husband shall be the sole property of his children. \* \* \*' "

Pertinent language on this subject is found in *Elmer v. Elmer*, 132 Colo. 57, 285 P.2d 601, as follows:

"\* \* \* The annuity ordered by the court provided that the monthly payments should be made for a period of twenty years, and if the wife died prior to expiration of twenty years any unpaid installments should be paid to the children of the parties.

"We have searched in vain for a decision in this jurisdiction which upholds an order like the one here under review. This order overlooks and ignores the statutory characteristics of permanent alimony or division of property."

■ Accordingly, we hold that the trial court's order

with reference to the creation of a trust, requiring the plaintiff to convey her half-interest in the residential property belonging to both the parties for the benefit of their children, is beyond the jurisdiction of the trial court, and clearly invalid.

■ The plaintiff's other meritorious ground for reversal is that the trial court erred in ordering that a lump sum award in lieu of alimony shall be allowed as a claim of the fourth class against the estate of the defendant in the event of his death within a certain period of time.

This attempt by the trial court to classify a claim which the plaintiff may have against a future decedent's estate is clearly invalid. C.R.S. 1963, 153-12-2 (1) (e) relating to claims against the estate of any deceased person is as follows:

"All allowances to the surviving spouse or minor children made as provided by law shall comprise the fourth class."

■■ The plaintiff being now divorced from the defendant cannot at a future date qualify as a widow or wife entitling her to make a claim of the fourth class. The classification of such claims is peculiarly and exclusively within the jurisdiction of the court having probate jurisdiction at some future time. *Whitlock v. Alliance Coal Co.*, 73 Colo. 205, 214 Pac. 546.

The various provisions made by the trial court in its "Judgment and Decree" were undoubtedly interrelated, and therefore it is set aside in full except for the provision pertaining to child support, which shall remain in full force and effect pending a hearing by the trial court.

The judgment is reversed and the cause remanded with directions to conduct a further hearing promptly and in accordance with the views herein expressed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON, and MR. JUSTICE DAY concur.