234

No. C-438

Gladys Beatrice McLeod, individually and as mother and next friend of Gregory J. McLeod, Roger Bruce McLeod and Bruce Cameron McLeod, Robert W. McLeod and Shelley A. McLeod v. Provident Mutual Life Insurance Company of Philadelphia and Beverly A. McLeod

(526 P.2d 1318)

Decided September 30, 1974. Rehearing denied October 21, 1974.

Gorsuch, Kirgis, Campbell, Walker and Grover, Bennett S. Aisenberg, for petitioners.

Keller & Dunievitz, Lionel Dunievitz, Alex Stephen Keller, for respondent Beverly A. McLeod.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the Court of Appeals in *Provident Mut. Life Ins. of Philadelphia v. McLeod,* 33 Colo. App. 7, 515 P.2d 482. We reverse.

The underlying lawsuit involves an interpleader action commenced by respondent Provident Mutual Life Insurance Company of Philadelphia (Provident Mutual) to determine the proper beneficiaries of the proceeds of a life insurance policy.

Provident Mutual, in 1961, issued a life insurance policy in the amount of $10,000 on the life of Robert W. McLeod. The primary beneficiary named in the policy was the insured's wife, Gladys B. McLeod, petitioner herein. The insured's five children, Robert W. McLeod, Jr., Shelley A. McLeod, Gregory J. McLeod, Roger B. McLeod and Bruce C. McLeod, were named as contingent beneficiaries.

On August 2, 1966, a divorce was granted to petitioner, and on August 5, 1966, the court entered a decree providing for a division of property, custody, support money, permanent alimony, and attorney's fees. The court found, among other findings, that Robert W. McLeod was the owner of the above described insurance policy, and it decreed that he should designate his minor children as beneficiaries of the insurance policy and should maintain the children as beneficiaries until the youngest child attained the age of 21 years. He was further ordered to pay all premiums on the policy as the same became due. Neither party appealed from the decree on permanent orders.

McLeod did not comply with this portion of the court's decree ordering the designation of his minor children as primary beneficiaries of the insurance policy. Instead, in December 1966, he executed an irrevocable change of beneficiary, naming his new wife, Beverly A. McLeod, respondent herein, as the primary beneficiary and his five children as the secondary beneficiaries under the insurance policy.

In the interpleader proceedings, the parties stipulated that the Provident Mutual policy had a cash value of $500 at the time of the entry of the decree on permanent orders. It was further stipulated that petitioner and the minor children had no knowledge of the fact that on December 9, 1966, Robert W. McLeod changed the primary beneficiary of the policy to respondent Beverly A. McLeod.

McLeod died in Mexico in May of 1971. His wife, Beverly, survived him and refused to release her rights under the insurance policy to petitioner, who claimed the proceeds as the mother and natural guardian of the children, pursuant to the provisions of the decree of court. Provident Mutual then instituted this interpleader action pursuant to C.R.C.P. 22 to determine which of the claiming parties had the right thereto.

The district court ruled that the trial court in the divorce action had no jurisdiction to enter the order requiring the designation of the minor children of the parties as primary beneficiaries under the insurance policy. It held that this portion of the decree was absolutely void, that it could be attacked in the interpleader proceeding, and that it had no binding effect upon any of the parties.

The Court of Appeals affirmed the judgment, holding that the order of the trial court exceeded its authority, was in excess of the court's jurisdiction, and was therefore void.

■■ We agree with petitioners' contention that the Court of Appeals erred in affirming the trial court's holding that the order relating to the insurance policy was void. In our view, the order was merely voidable. Inasmuch as there was no direct attack upon the decree by writ of error or appeal, it became a final decree and was not subject to collateral attack in the interpleader action.

■ In *Estate of Lee v. Graber,* 170 Colo. 419, 462 P.2d 492, the test by which the validity or voidness of a judgment is measured is stated as follows:

"* * * The rule is firmly entrenched in Colorado, as it is elsewhere, that the validity of a judgment depends on the court's jurisdiction of the person and the subject matter of the issue it decides, and a judgment rendered without jurisdiction is void and may be attacked directly or collaterally. *Whitten v. Coit,* 153 Colo. 157, 385 P.2d 131."

*Accord, DeBoer v. District Court,* 184 Colo. 112, 518 P.2d 942; *Brennan v. Grover,* 158 Colo. 66, 404 P.2d 544, *cert. denied,* 383 U.S. 926, 86 S. Ct. 929, 15 L.Ed.2d 845; *French v. Terriere,* 153 Colo. 326, 386 P.2d 352; *Whitten v. Coit,* 153 Colo. 157, 385 P.2d 131; *Hill v. Benevolent League,* 133 Colo. 349, 295 P.2d 231; *Stokes v. Kingsbury,* 63 Colo. 27,

164 P. 313; *Clarke v. Asher,* 53 Colo. 313, 125 P. 538. *See also Hanley v. Four Corners Vacation Properties, Inc.,* 349 F. Supp. 229 (D. Colo.), *aff'd.,* 480 F.2d 536 (10th Cir.); 46 Am. Jur. 2d *Judgments* § 621. *Cf. Restatement of Judgments* §§ 5 and 7.

Here, it is clear that in the divorce proceeding the district court had jurisdiction in the fullest sense, not only of the subject matter of the action but also of the parties, both of whom appeared in court and sought relief by complaint and counterclaim for a divorce and for permanent orders relating to division of property, child custody, support money, permanent alimony, and attorney's fees. Thus, as measured by the foregoing test, the judgment of the court was not a void judgment.

This is not to say that the judgment was not subject to correction if irregular or erroneous by reason of improper application of procedural or substantive law. In *Davidson Chevrolet v. Denver,* 138 Colo. 171, 330 P.2d 1116, this Court refined the distinction between void and voidable judgments, as follows:

"* * * Judgments may be irregular, erroneous or void. An irregular judgment is one rendered contrary to the method of procedure and practice allowed by the law in some material respect. *Northcutt v. King,* 23 N. Mex. 515, 169 Pac. 473. An erroneous judgment is one rendered in accordance with the method of procedure and practice allowed by the law, but contrary to the law. *Moore v. Packer,* 174 N. C. 665, 94 S.E. 449; *Ealy v. McGahen,* 37 N. Mex. 246, 21 P.(2d) 84.

"Irregular and erroneous judgments necessarily retain their force and have effect until modified by the trial court in consequence of its authority in certain circumstances, *People v. District Court,* 115 Colo. 240, 171 P.(2d) 774, or until vacated pursuant to new trial procedures, Rule 59 R.C.P. Colo., or until reversed by an appellate court in review proceedings. Such judgments are subject only to direct attack; they are not vulnerable to collateral assault.

"* * * A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the

court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is — a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGillis,* 44 Colo. 138, 96 Pac. 1005, 130 Am. S. R. 116, 18 L.R.A. N.S. 405."

As tested by the foregoing, the judgment here concerned was an erroneous judgment, and until modified by the court which entered it, or set aside on motion for new trial, or until reversed by an appellate court on direct review proceedings, was valid and binding.

 It is clear, as noted by the Court of Appeals, that by decisions of this Court announced subsequent to the entry of the decree on permanent orders in the divorce proceeding it was error for the trial court to order the father to provide insurance benefits for his minor children, as was done in this case. *Ferguson v. Olmstead,* 168 Colo. 374, 451 P.2d 746; *Laws v. Laws,* 164 Colo. 80, 432 P.2d 632; *Giambrocco v. Giambrocco,* 161 Colo. 510, 423 P.2d 328.

In each of those cases, this Court on direct review by writ of error set aside similar life insurance requirements to fund support money payments for minor children.

In those cases, language, perhaps imprecise, was used concerning the impropriety of the orders entered. In *Ferguson, supra,* the rhetorical question used the phrase "in excess of its jurisdiction." In *Laws, supra,* the language characterized the order as "in excess of the power of the court." And, in *Giambrocco, supra,* the objectionable order was held to be "beyond the jurisdiction of the trial court." Read without regard to the nature of the appellate proceeding in which the issues were considered, the language would appear to suggest a want of jurisdiction and resulting voidness of the judgment, as contrasted with mere error in the application of law to the issues of the case, resulting only in voidability.

When considered, however, in the procedural context in which those cases were decided, it is clear the judgments being reviewed were erroneous and voidable, rather than void as contended by respondent and held by the trial court and the Court of Appeals.

In the early case of *Brown et al. v. Tucker,* 7 Colo. 30, 1 P. 221, this Court observed:

"The decided weight of authority is to the effect that when jurisdiction has been obtained by the service of process, actual or constructive, all subsequent proceedings are exercise of jurisdiction, and however erroneous, they are not void, but voidable only, and not subject to collateral attack. * * *"

*See also Gerbig v. Spelts,* 89 Colo. 201, 300 P. 606; *Forman v. City of Central,* 57 Colo. 535, 143 P. 573; *Pinnacle Co. v. Popst,* 54 Colo. 451, 131 P. 413; *accord, Taggart v. Fugel,* 46 Colo. 401, 105 P. 1090; *The People v. McKelvey,* 19 Colo. App. 131, 74 P. 533; *Harter v. Shull,* 17 Colo. App. 162, 67 P. 911; *Cochrane v. Parker,* 12 Colo. App. 169, 54 P. 1027.

█ Mere errors or irregularities in resolution of the question to be determined or the relief to be granted have not been considered to constitute jurisdictional defects by this Court in the past. As stated in *Pinnacle Co. v. Popst, supra:*

"Mistakes, errors or irregularities are not jurisdictional, and, though they might reverse a case on review, will not render the judgment void."

*See also Neville v. Bracher,* 94 Colo. 550, 31 P.2d 911; *Dillingham v. Schmidt,* 85 Colo. 28, 273 P. 21; 46 Am. Jur. 2d *Judgments* § 641.

█ Observance of this rule is required by a due regard for the repute of the courts and the solemnity of judicial proceedings. It "is not merely an arbitrary rule of law established by the courts, but it is a doctrine which is founded upon reason and the soundest principles of public policy." 1 *H. Black, The Law of Judgments,* ch. 13 § 245. Litigants who acquire rights on the faith of judicial proceedings are entitled to have the integrity of those rights preserved. Moreover, there is a definite public interest in the

assured final adjudication of controversies and conclusiveness of judgments. As stated in 1 *A. Freeman, Law of Judgments* § 305 at 602-03:

"The law aims to invest judicial transactions with the utmost permanency consistent with justice. That the formal pronouncements of legal tribunals upon causes submitted to them should enjoy every possible degree of finality and conclusiveness would seem to be a necessary predicate to the proper functioning of the courts themselves. To permit their decisions to be evaded or disregarded for insufficient cause or in modes not sanctioned by law would tend to disrupt the administration of justice and bring courts into disrepute. Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown."

See also J. Vanfleet, *The Law of Collateral Attack on Judicial Proceedings* 2; 46 Am. Jur. 2d *Judgments* § 622.

As noted heretofore, there was no challenge to the court's jurisdiction in the present case. The life insurance policy was a marital asset which the court had authority to dispose of in a variety of ways. That the court issued an erroneous order relative to the disposition of the policy did not render the order absolutely void and subject to collateral attack. The order was issued in exercise of the court's jurisdiction. The distinction discussed in *Klancher v. Anderson,* 113 Colo. 478, 158 P.2d 923, is pertinent here:

"Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. * * *

"Since jurisdiction is the power to hear and determine, it does not depend either upon the regularity of the exercise of that power, or upon the correctness or rightfulness of the decision made, for the power to decide necessarily carries with it the power to decide wrongly as well as rightly * * *."

For the foregoing reasons, the decision of the Court of

Appeals affirming the judgment of the district court is reversed, with instructions that the cause be remanded to the court with directions to enter judgment awarding the proceeds of the insurance policy to petitioners.