In re the MARRIAGE OF Rebecca K. MOHRLANG, Appellee,

and

Bruce A. Mohrlang, Appellant.

No. 02CA0360.

Colorado Court of Appeals, Div. IV.

July 31, 2003.

Rehearing Denied Sept. 18, 2003.

Certiorari Denied March 8, 2004.

Kaplan Law, L.L.C., Marc J. Kaplan, Denver, Colorado, for Appellee.

Hunnicutt & Appelman, P.C., Robert E. Lanham, Denver, Colorado, for Appellant.

Opinion by Judge GRAHAM.

In this dissolution of marriage action between Bruce A. Mohrlang (husband) and Rebecca K. Mohrlang (wife), husband appeals from that portion of permanent orders valuing his interest as a beneficiary in a trust. We reverse and remand for reconsideration.

The principal issue in this case was valuation of two companies and the stock that the parties owned in them. Husband individually owned 250 shares of Mohrlang Manufacturing, Inc. (MMI) stock and was the beneficiary of 3850 shares of MMI stock held in the Bruce Mohrlang Trust. Wife was the beneficiary of 200 shares of MMI stock in a similar trust.

The trial court found that the trust established in husband's name was irrevocable and not modifiable, and the settlor, husband's father, retained no interest in the income, principal, or remainder of the trust. The beneficiary received mandatory net income distributions, at least quarterly, and principal distributions within the discretion of the trustee. The beneficiary's interest would termi-

nate if husband predeceased his parents, and his share would be divided in a designated proportion among his children, if living, and the descendants of any deceased child.

Husband does not contest the court's determination that his interest in the trust constituted property, according to the analysis established by *In re Marriage of Balanson*, 25 P.3d 28 (Colo.2001). Nor does he challenge the determination that, because the trust was acquired by gift during the marriage, the increase in value of the stock in trust constituted marital property.

At issue in this appeal is the trial court's conclusion that the value of husband's remainder interest in the trust should not be discounted in calculating its present value even though he could not receive payment of the corpus until after his parents died.

Husband's expert valued the stock by using an income approach and urged the court to apply a discount rate of four percent for inflation plus a thirty-three percent capitalization rate to that value. However, the trial court credited the opinion of wife's expert and determined the MMI stock should be valued based on the current value of the corporation's net assets. It rejected use of the income approach because, in recent years, the company had suffered losses and, historically, the income generated was sufficient to provide only the salaries of the directors and officers of the corporation. The court further relied on the fact that two pieces of real estate constituted one-third of the company's assets. The court criticized husband's expert valuation as being result-driven.

Instead, the trial court found that the parties had presently vested rights to income because those distributions were mandatory, as reflected in the tax returns. Additionally, it found that husband had an enforceable right to have the trustee exercise its discretion to invade the corpus of the trust for husband's support, maintenance, health, and education.

The court also considered the mortality tables, which it determined were the only evidence presented concerning the likelihood that the remainder would vest, and concluded

that vesting was "more probable than not." The court found that, even if for "some unforeseen circumstances the parties might be divested of their remainder interest, that interest is going to pass at least in part to their children." The court concluded that the beneficial enjoyment of the trust corpus would be realized and that it was not "likely to be siphoned off and consumed by someone else in the family." Thus, the court determined that the particulars of the trust did not warrant a discount for a present value calculation.

### I.

■ Husband first contends that the trial court erred as a matter of law when it failed to discount the present value of his interest in the trust. We agree.

Admittedly, it is difficult to determine the present value of a vested interest in a trust that is subject to divestment based on a condition subsequent. *In re Marriage of Gorman,* 36 P.3d 211 (Colo.App.2001). However, valuation of such an interest should be accomplished by using an approach similar to that taken when valuing pensions. *See In re Marriage of Balanson, supra.*

■ To determine the net present value of a vested interest that is subject to the contingency of survival to a future date, the court may consider a variety of circumstances, including actuarial information concerning the life expectancy of the settlor or current beneficiaries. *See In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987)(noting application of seven percent discount factor to account for risk of forfeiture in valuation of vested but unmatured pension, but remanding for consideration of alternative distributions).

Three methods of valuation are applicable to pensions, but of those three only net present value contemplates an immediate distribution to the spouse. *In re Marriage of Hunt,* 909 P.2d 525 (Colo.1995). Of course, an immediate distribution is precisely what the trial court must contemplate in an equitable distribution of marital property.

■ If an interest is inaccessible before a distant date and terminable upon the beneficiary's death, the risk of forfeiture is also an important factor for the trial court to consider. *In re Marriage of McGinnis,* 778 P.2d 281 (Colo.App.1989); *see also In re Marriage of Beckman,* 800 P.2d 1376 (Colo.App.1990).

■ However, the determination of value is within the discretion of the court based upon consideration of all the relevant circumstances. *See In re Marriage of Page,* 70 P.3d 579 (Colo.App.2003). Ultimately, credibility determinations lie within the sole discretion of the trial court. *See In re Marriage of Gorman, supra.*

Here, the trial court discredited the testimony of husband's expert and was not required to accept the thirty-seven percent discount proposed by that expert to reduce the value of husband's remainder interest to its present value.

■ However, the court erred by rejecting any discount based on the fact that husband's interest would go to his children if he predeceased his parents. The trial court lacks the authority to award marital property to the children of the marriage or to compel a parent to make such a conveyance. *Giambrocco v. Giambrocco,* 161 Colo. 510, 423 P.2d 328 (1967); *see also In re Marriage of Sewell,* 817 P.2d 594 (Colo.App.1991).

Distribution of principal was dependent on the trustee's determination that husband required such amounts to provide for his support, maintenance, health, and education. Thus, it was conditioned on need. *See Dunklee v. Kettering,* 123 Colo. 43, 225 P.2d 853 (1950). Further, the court should have considered actuarial information concerning the life expectancy of husband's parents and relevant information concerning the likelihood that the trustee would invade the trust corpus in the future. *See In re Marriage of Balanson, supra.*

Accordingly, this matter must be remanded to the trial court to reconsider whether the value of husband's trust interest in MMI stock should be discounted by an appropriate rate because of the delay in husband's receiving his interest, the possibility of forfeiture, and other contingencies. *See In re Marriage of McGinnis, supra; cf. City of Boulder v. Streeb,* 706 P.2d 786 (Colo.1985)(because ref-

eree employed an unduly restrictive standard of compensability, it was necessary to remand case for additional findings under the correct standard).

On remand, the court may take such additional evidence as it may deem appropriate and relevant. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989). The court will need to consider the current economic circumstances of the parties in determining an equitable property distribution. *See In re Marriage of Wells,* 850 P.2d 694 (Colo.1993).

## II.

Because of the disposition we have reached, we need not address husband's other contentions of error.

The judgment is reversed, and the case is remanded for reconsideration as set forth herein.

Judge STERNBERG * and Judge HUME * concur.