**DOUGLAS–GUARDIAN WAREHOUSE CORPORATION, Plaintiff-Appellant,**

v.

**James I. POSEY et al., Defendants-Appellees.**

**No. 73–1220.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 10, 1973.

Decided Nov. 5, 1973.

---

Daniel C. Hale, Denver, Colo., for appellant.

Guy B. Dyer, Jr., Cortez, Colo., for appellees.

Before CLARK *, Associate Justice, and McWILLIAMS and DOYLE, Circuit Judges.

CLARK, Associate Justice.

In this diversity suit, the appellant, Douglas-Guardian Warehouse Corporation, seeks to enjoin the enforcement of the judgments entered against it in three replevin cases in the District Court of Dolores County, Colorado. In 1965, the Arrowhead Bean Company, Inc. received for storage certain deposits of dried pinto beans grown by several individual farmers. Subsequently, Arrowhead stored the beans in the field warehouse operated by the appellant and received a

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

non-negotiable warehouse receipt therefor upon the false representation that it owned the beans. Thereafter Arrowhead pledged this warehouse receipt to secure a loan made to it by the Citizens State Bank of Cortez.

On March 29, 1966, the appellees filed three replevin suits in the Colorado District Court against Douglas-Guardian, Arrowhead and the Bank claiming title to the pinto beans and seeking recovery of them or, in the alternative, their market value. The Colorado court in due course issued writs of replevin covering the beans and Douglas-Guardian filed its redelivery bond in an amount double the value of the beans sued for and retained the beans.[1] On April 6, 1966 Arrowhead became bankrupt, and the bankruptcy court stayed further proceedings in the state court replevin actions.

On April 15, 1966, Douglas-Guardian filed suit in the nature of interpleader in the United States District Court for the District of Colorado. However, jurisdiction was noted on diversity of citizenship rather than on interpleader, and Douglas-Guardian then tendered 242,730 pounds of dried pinto beans into the registry of the court. The beans were ordered sold on stipulation of the parties, and the proceeds were distributed on a pro-rata basis to appellees and other claimants, the court having found that the ownership of the beans was at all times in the individual farmers, including appellees; that Arrowhead had no title to any of the beans and that the bank's mortgage was spurious. The final judgment and order of disbursement were entered on July 31, 1967 and no appeal was taken therefrom. Upon the entry of this judgment the bankruptcy court vacated its stay against the three state court replevin actions, and they went to trial. In due course, judgments were entered in each against Douglas-Guardian on its redelivery bonds for the value of the pinto beans, aggregating 330,864 pounds. A credit was allowed on the judgments for the amount realized from the federal court action filed by Douglas-Guardian and paid to appellees. An appeal on each of these three judgments was dismissed by the Colorado Court of Appeals, which dismissals became final without further action being taken either by petition for rehearing or appeal to the Colorado Supreme Court or to the Supreme Court of the United States.

Subsequently Douglas - Guardian brought this suit in the United States District Court for the District of Colorado to enjoin enforcement of the same three state court judgments. On October 13, 1972 the appellant with leave amended its original complaint, urging for the first time in the litigation that the failure of the replevin provisions embodied in Colorado law to provide for a hearing were unconstitutional in light of Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983, 32 L.Ed.2d 556 (1972). After a hearing summary judgment was entered for appellees and this appeal followed.

(1) Here the appellant first claims reversible error on the trial court's refusal to grant an injunction pursuant to 28 U.S.C. § 2283 to protect or effectuate the judgment of the United States District Court in its interpleader suit filed in 1966. It is clear in that suit that Douglas-Guardian had possession of 242,730 pounds of dried

---

1. The suits were filed under Rule 104 of the Colorado Rules of Civil Procedure which provided that upon the filing of an affidavit of ownership to certain property which is wrongfully detained and the furnishing of a good and sufficient bond in double the value of the property, the sheriff shall take possession of the property and deliver it to the claimant unless the party detaining the property files within 48 hours from the time the sheriff takes the property a good and sufficient bond in double the amount of the value of the property conditioned on the delivery of the property to the claimant and "for the payment to him of such sum as may for any cause be recovered against the defendant," if the claimant prevails.

pinto beans; that the beans were claimed by various parties in the federal proceedings, including the appellees, the Bank and the Trustee in Bankruptcy for Arrowhead; and the assistance of the United States District Court was sought by Douglas-Guardian to determine *only* which parties held legal title to the beans and were entitled to a pro-rata distribution of the proceeds from their sale.

The District Court there found that Arrowhead "did not have legal title to the beans and, therefore, did not have any legal right to convey title" and that: "The defendant-intervenor farmers were at all times the holders of legal title to the beans in question . . . . and, accordingly they are entitled to share on a pro-rata basis in the fund which is held in the registry of the Court." Record on Appeal at 37. Moreover, the court further explicitly restricted the scope of its judgment to these issues, concluding: "that it does not have the authority to disturb any existing orders of the Referee in Bankruptcy with respect to the replevin suits filed in Dolores County, Colorado; nor does the Court believe it has any power or authority to indicate directly or indirectly its view as to the validity of actions taken by any of the parties in other courts."

Record on Appeal at 40. Neither the value of the beans nor the validity of Colorado's replevin law was raised or determined.

28 U.S.C. § 2283 specifies that an injunction may not be granted "to stay proceedings in a State court except . . . . where necessary in aid if its jurisdiction or to protect or effectuate its judgments." But no such necessity existed since no determination of the validity of state court claims was made and all of the proceeds raised from the sale of the beans was credited upon the state court judgments. As the Supreme Court held in Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, et al., 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970), "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld."

■ (2) Douglas-Guardian next urges that the District Court should have granted an injunction in light of the holding of the Supreme Court in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In *Fuentes*, the Court declared the replevin statutes of Florida and Pennsylvania unconstitutional for want of procedural due process. Appellant contends that the *Fuentes* doctrine should have been applied retroactively by the District Court so as to void the similar provisions of the Colorado replevin law and nullify the three state court judgments based thereon. We decline to so hold.

First, the appellant failed to at any time challenge the constitutionality of the Colorado replevin law in the three state court replevin proceedings or in its 1967 federal interpleader action. It first raised it in this case after the Supreme Court handed down *Fuentes*. Valid judgments were rendered in those proceedings and rights had vested in conformity with and reliance upon existing state law. The appellant is bound by those judgments and cannot attack them at this late date. Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, 375, 60 S.Ct. 317, 84 L.Ed. 329 (1940), Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), Tomiyasu v. Golden, 358 F.2d 651 (9th Cir. 1966).

■ Moreover, Douglas-Guardian failed to exhaust all of its remedies at law through the state appellate process of Colorado by appealing the adverse holding of the Court of Appeals in the three replevin suits. This failure precludes any intervention by the lower federal courts now. Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293 (1935), Atlantic Coast Line Railroad Co.

v. Brotherhood of Locomotive Engineers et al., *supra* at 296–297 of 398 U.S., 90 S.Ct. 1739. Furthermore, we are not aware of any federal statute which broadly authorizes a federal injunction to stay state court proceedings where the state statute involved has been subsequently found unconstitutional in a federal court. Nor has the Supreme Court determined that in such circumstances an injunction is permissible under § 2283 in state civil proceedings. Mitchum v. Foster, 407 U.S. 225, 244, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972) (Burger, C. J., concurring in judgment). It is not the province of this Court to carve out a new exception to § 2283 and we decline to do so by applying *Fuentes* retroactively.

█ Finally, the state court judgments in the three replevin actions operate as *res judicata* with respect to this subsequent federal action. Grubb v. Public Utilities Commission of Ohio et al., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930), Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). Even if an injunction were not involved here, it is evident that a retroactive application of Fuentes v. Shevin, *supra,* would work an injustice and a hardship upon the appellees who have lawfully acquired vested rights in the form of their state judgments. These rights should not be lightly ignored. Chevron Oil v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L. Ed.2d 296 (1971).

(3) Likewise, there is no merit to appellant's claim that the District Court erred in granting summary judgment for the appellees. It is well settled that Rule 56(c), Fed.R.Civ.P., authorizes summary disposition where the moving party is entitled to judgment as a matter of law where, as here, there remains no genuine material issue of fact in the case. Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L. Ed.2d 458 (1962), Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972).

Affirmed.