**William E. MAESCH, Plaintiff,**

v.

**Holly D. MAESCH, Defendant.**

**No. TH 87–114–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

May 24, 1989.

William G. Brown, Eric D. Somheil, Brazil, Ind., for plaintiff.

Jeffrey A. Boyll, Craig Craig & Boyll, Brazil, Ind., for defendant.

## MEMORANDUM AND ORDER

BROOKS, Chief Judge.

This cause comes before the Court upon plaintiff's Motion for Relief from Judgment filed with the Court on July 22, 1988. Defendant filed her response to plaintiff's Motion on September 14, 1988.

This Court issued an Order in this cause on August 11, 1987 denying plaintiff's Motion for Preliminary Injunction. In that Order the Court made findings of fact which are incorporated herein. Subsequent to this Court's Order, the United States Supreme Court handed down *Thompson v. Thompson*, 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988), which announced that the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, does not provide an implied cause of action in federal court to determine which of two conflicting state custody orders is valid. In this Court's Order of August 11, 1987 the issue of jurisdiction was examined and jurisdiction to determine which of the two conflicting custody orders was valid was expressly found. This Court relied on *Flood v. Braaten*, 727 F.2d 303 (3rd Cir.1984) and *Wyman v. Larner*, 624 F.Supp. 240 (S.D.Ind. 1985) in determining it had jurisdiction.

■ It is clear that the law upon which this Court relied, when determining jurisdiction, has been changed by *Thompson*. As such, plaintiff now claims that he is entitled to relief from judgment under either Fed.R.Civ.P. 60(b)(4) or 60(b)(6). The relevant parts of Fed.R.Civ.P. 60(b) read:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void ... (6) any other reason justifying relief from the operation of the judgment...."

The analysis of plaintiff's contentions will begin with Rule 60(b)(4). Under this provision a Court may relieve a party from a judgment if the judgment is void. An examination of the meaning of void judgments was made in *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). In *Chicot* a United States District Court based its jurisdiction to hear a case upon a statute which was subsequently determined unconstitutional in an unrelated case. The respondent alleged that the subsequent finding of the U.S. Supreme Court that the statute was unconstitutional, operated to void the judgment of the district court. The U.S. Supreme Court rejected the argument and stated:

> "The argument is pressed that the district court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared invalid, the district court was without jurisdiction to entertain the proceeding.... We think the argument untenable. The lower federal courts are all courts of limited jurisdiction.... But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to de-

termine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally." *Id.* at 376, 60 S.Ct. at 319.

The Court continued by stressing the fact that the respondent failed to assert the unconstitutionality of the statute at the district court level, and as such, respondent failed to save the issue for appeal and the doctrine of res judicata was applied.

"The remaining question is simply whether respondents, having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.' " *Id.* at 378, 60 S.Ct. at 320, citing *Grubb v. Public Utilities Comm'n.*, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930).

Similarly, the plaintiff, William E. Maesch, brought this case to the district court and alleged jurisdiction under PKPA in his Complaint. At no time during the pendency of the case did the plaintiff or defendant question the jurisdiction of the Court to hear the case.

The issue of a void judgment under Rule 60(b)(4) was examined in *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645 (1972). The First Circuit Court of Appeals distinguished a void judgment from an erroneous judgment and held that erroneous judgments need not be set aside.

"A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interests of finality, the concept of void judgments is narrowly construed, while absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction, and that an error in that determination will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void." *Id.* at 649.

The importance of a court making an examination into, and decision concerning, jurisdiction during the initial proceeding is also noted in 59 A.L.R. 831, 841 (1982):

"In some cases in which lack of jurisdiction over the subject matter of the action is claimed, courts have held or stated that relief under Rule 60(b)(4) was unavailable because of the district court's previous determination that subject matter jurisdiction was present, the implication being that the correctness of the determination was immaterial for purposes of the rule."

When a court has made an inquiry into jurisdiction that decision is void only when a "clear usurpation of power" exists. If no such usurpation exists, then the issue of jurisdiction is res judicata, at least insofar as a direct attack under Rule 60(b)(4) is concerned.

The Court in *Lubben* determined that even though a district court's finding that it had jurisdiction later proved erroneous, relief under Rule 60(b)(4) was not warranted. The Court stated "that determination [subject matter] could have been attacked in an appeal, but, as it was not a clear usurpation of power, it is now res judicata and immune from collateral attack." *Id.* at 649.

It is clearly established that a post-judgment finding that the statute, which was relied upon in the judgment to confer jurisdiction, is unconstitutional does not make the judgment void under Rule 60(b)(4). The Third Circuit Court of Appeals in *Marshall v. Board of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 (3rd Cir.1978), relying heavily on *Chicot,* stated that "a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous or is based upon precedent which is later deemed incorrect or unconstitutional."

In the case at bar the plaintiff brought this cause and asserted that this Court had jurisdiction under the PKPA. Neither the plaintiff nor defendant ever questioned jurisdiction during the proceedings. The first issue of jurisdiction was raised in plaintiff's Rule 60(b) Motion. Further, this Court specifically addressed the issue of jurisdiction in its opinion and cited precedent to support its conclusion that jurisdiction to hear the case was provided by the PKPA. It is the opinion of this Court that its prior Order is not void as defined in Rule 60(b)(4) and as such, plaintiff's Motion for Relief under Rule 60(b)(4) is DENIED.

Plaintiff also asserts that Rule 60(b)(6) compels the Court to set the prior judgment aside. Rule 60(b)(6) allows relief from judgment for "any other reason justifying relief."

The standard that a movant must meet to have a Rule 60(b)(6) motion sustained is a showing of "exceptional circumstances." *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3rd Cir.1977), *cert. den.* 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 quoting *Mayberry v. Maroney*, 529 F.2d 332, 335 (3rd Cir.1976). The reason asserted must be different than those enumerated in 60(b)(1) through 60(b)(5). *Lubben* at 651.

It is also settled that a party may not use Rule 60 as a substitute for an appeal. See *Lubben* and *Martinez–McBean v. Government of Virgin Islands*, 562 F.2d 908, 911 (3rd Cir.1977). Parties have a duty to use appropriate channels to protect their interests. This may involve objecting, or in some manner raising the issue, during the initial action in the district court and subsequently raising the issue again on appeal. Failure to raise an issue at the district court level, or to take an appeal when available, may operate to preclude relief under Rule 60. In *Lubben* at 651, the court, citing *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950), stated that:

> "Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.... There must be an end to litigation some day, and free, calculated, deliberate choices are not be be relieved from."

William Maesch chose to seek remedy from this Court and asserted that jurisdiction was conferred by PKPA. He could have sought remedy in either California or Indiana state courts, but made a deliberate choice to file in federal court. Once filed here he could have dismissed, or if necessary, objected to jurisdiction after he determined that a jurisdictional question existed. He did neither, nor has he filed an appeal with the Circuit Court. He cannot now seek to be relieved under Rule 60(b)(6) under these circumstances. Further, he has asserted no facts in his brief to support a finding of "exceptional circumstances."

For the reasons herein, plaintiff's Motion for Relief from Judgment based on Rule 60(b)(4) and Rule 60(b)(6) are DENIED.

IT IS SO ORDERED.