E.J.R., Petitioner,

v.

The DISTRICT COURT, COUNTY OF BOULDER, COLORADO, and The Honorable Richard McLean, as one of the judges of the District Court, Respondents.

No. 94SA150.

Supreme Court of Colorado, En Banc.

Jan. 17, 1995.

Osgood, Simpson and Harris, L.L.C., Steven E. Harris, Boulder, for petitioner.

Alexander M. Hunter, Dist. Atty., Twentieth Judicial Dist., William F. Nagel, Appellate Chief Deputy Dist. Atty., Boulder, for respondents.

Justice SCOTT delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, we issued a rule directing the respondent, Boulder County District Court,[1] to show cause why it should not be prohibited from unsealing the criminal justice records of the petitioner, E.J.R., which it ordered sealed by a final order more than two years earlier. The Boulder District Attorney's Office asked the district court to unseal

---

1. In the petition, the respondents are set forth as "The District Court, County of Boulder, Colorado, and the Honorable Richard McLean, as one of the judges of the District Court." We refer to the respondents jointly as "Boulder County District Court" or "district court."

the criminal records of E.J.R., which request was granted. Because we hold that E.J.R. has a vested interest in the district court's previous and final order sealing his criminal conviction records, we now make the rule absolute and direct the district court to vacate its March 15, 1994 order.

## I

On April 12, 1991, E.J.R. filed a petition with the Boulder District Court asking that court to seal the criminal justice records of his prior convictions, pursuant to section 24–72–308, 10B C.R.S. (1988) (Sealing Statute). As required by the Sealing Statute, E.J.R. provided the district attorney with notice of his petition. The district attorney did not object to E.J.R.'s request that his records be sealed. Subsequently, the district court issued its order sealing E.J.R.'s criminal justice records on May 13, 1991. The district attorney did not appeal the district court's May 13 order.[2]

Two years later, E.J.R. was arrested in a separate, unrelated criminal matter. E.J.R. was charged with aggravated robbery, and his case was set for trial. The deputy district attorney assigned to prosecute the aggravated robbery case against E.J.R. was aware of E.J.R.'s past criminal record. While preparing for trial, the district attorney filed a petition with the district court pursuant to section 24–72–308 (1)(e) of the

Sealing Statute, seeking an order to allow him to inspect E.J.R.'s sealed criminal justice records[3] to determine if E.J.R. had sealed records of a felony conviction. In his petition, the district attorney argued that section 24–72–308(1)(a) of the Sealing Statute, as reenacted in 1988, prohibited the sealing of records of felony convictions.[4] Therefore, the district attorney reasoned, if E.J.R.'s petition to seal his criminal records was filed after the effective date of the reenacted statute, the court's order sealing E.J.R.'s records would be void.

The district court agreed, concluding that the order to seal E.J.R.'s records had been entered without subject matter jurisdiction because the sealed records included prior criminal convictions which should not have been sealed under the Sealing Statute after the 1988 amendments. Thus, on March 15, 1994, the district court ruled that its May 13, 1991 order to seal E.J.R.'s records was void and granted the district attorney's request that E.J.R.'s records be unsealed.

In this proceeding to review the district court's March 15 ruling, E.J.R. claims that he has a privacy right, asserted pursuant to the Sealing Statute, in keeping his records sealed. In addition, E.J.R. asserts that his privacy rights vested at the time the May 13, 1991 order of the district court sealing his criminal records became final and the time for appeal expired.

2. The parties did not question whether the district court's order was a final order. For purposes of this proceeding we assume that it was.

3. Section 24–72–308(1)(e), 10B C.R.S. (1988) provides:
   Inspection of the records included in an order sealing criminal records may thereafter be permitted by the court only upon petition by the person who is the subject of such records or by the prosecuting attorney and only for those purposes named in such petition.

4. The Criminal Justice Records Act was enacted by the Colorado Legislature in 1977 and includes the Sealing Statute at §§ 24–72–301 to –309 C.R.S., which allows for the sealing of records regarding criminal proceedings. In 1988 the Sealing Statute was repealed and reenacted at § 24–72–308(1)(a), narrowing the category of eligible persons. Prior to its repeal and reenactment, the Sealing Statute, § 24–72–308 at (3)(a) provided that:

Any person in interest may petition the district court of the district in which the arrest and criminal records information pertaining to him is located for the sealing of all or any part of said record except for basic identifying information.
§ 24–72–308(3)(a), 10 C.R.S. (1982).
After the 1988 repeal and reenactment, the statute, at (1)(a) provided:
Any person in interest may petition the district court of the district in which any arrest and criminal records information pertaining to said person in interest is located for the sealing of all of said records, except basic identification information, *if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed or in any case in which said person in interest was acquitted.*
§ 24–72–308(1)(a), 10B C.R.S. (1988) (emphasis added).

## II

We recently addressed the issue of whether citizens have a vested right to seal criminal conviction records under the Sealing Statute in *People v. D.K.B.*, 843 P.2d 1326 (Colo.1993). In *D.K.B.*, we concluded that the Sealing Statute was amended in 1988 to "narrow[ ] the category of persons eligible for the statutory process applicable to the sealing of arrest and criminal records information." *Id.* at 1328. In that case we held that the 1988 amendment limited the beneficiaries of the Sealing Statute so as to make it available only to persons who seek to have records sealed regarding "official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted." *Id.* (citing § 24–72–308, 10B C.R.S. (1988)). In discussing the interest created by the statute, we disapproved of the court of appeals' conclusion that any interests created by the statute "vested" in the right to petition. *D.K.B.*, 843 P.2d at 1331. We stated:

> A right is only vested when it is not dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence.... Here, the respondents' ability to petition and to have the balancing test applied is clearly dependent upon and wholly derived from the statute. As the trial court recognized ..., this right is inchoate rather than vested. It does not exist in the sense of a vested right until it is exercised.

*Id.* (citations omitted). We merely held that "a convicted person has no ... *vested* right to petition" under the Sealing Statute, inasmuch as the Sealing Statute did not create substantive rights but, being remedial in nature, created a limited right to petition. *Id.* at 1329, 1330–31 (emphasis added); *see also id.* at 1332–35 (Kirshbaum, J., specially concurring).

### A

■ Under the facts present here, *D.K.B.* is not controlling. Unlike the petitioners in *D.K.B.* whose petitions to seal records were denied, E.J.R.'s petition was granted by the district court and his criminal records were sealed more than three years ago. Moreover, the district attorney did not object to E.J.R.'s April 1991 petition to seal his records and failed to appeal the very order he now seeks to set aside years later. The privacy right E.J.R. now asserts before us is not found in the Sealing Statute, which only created a limited right to petition; E.J.R.'s privacy right "has an independent existence" created on May 13, 1991, by issuance of the district court order sealing the records after notice and without objection by the district attorney. When the district court's order became final and the district attorney and other interested persons failed to appeal, E.J.R.'s privacy right vested.

In essence, after the final order was entered by the district court sealing his criminal convictions records and the period for appeal passed, E.J.R.'s interest vested. E.J.R.'s right is no longer "dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence." *Id.* at 1331. Because E.J.R.'s interest exists as a consequence of the district court's May 13, 1991 order sealing his records, it naturally follows then that the question of whether E.J.R.'s petition to seal was filed before or after the effective date of the reenacted statute is irrelevant.

### B

■ The district court erred in concluding that the order to seal E.J.R.'s records had been entered without subject matter jurisdiction. Generally, when courts have the power to adjudicate issues in the class of suits to which a particular case belongs, a court's interim orders and final judgments, whether right or wrong, are not subject to collateral attack for lack of subject matter jurisdiction. 7 James W. Moore, *Moore's Federal Practice,* 60.25[2] at 228–9 (2d ed. 1993). The United States Supreme Court addressed the issue of the effect of a collateral attack upon a judgment of a trial court when the statute under which the judgment was rendered was later declared invalid. *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 376, 60 S.Ct. 317,

319–20, 84 L.Ed. 329 (1940). In *Chicot,* the Supreme Court held that, where the issue of jurisdiction was "not alleged in the proceedings," and later the jurisdiction of the trial court was challenged, the judgments and decrees of the trial court are "not absolute nullities." *Id.* As set forth by the opinion of Chief Justice Hughes, writing for a unanimous court,

> The argument is pressed that the District Court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared to be invalid, the District Court was without jurisdiction to entertain the proceeding and hence its decree is open to collateral attack. We think the argument untenable. The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.
>
> In the early case of *McCormick v. Sullivant,* 10 Wheat. 192, 6 L.Ed. 300, . . . this Court said: "But this reason proceeds upon an incorrect view of the character and jurisdiction of the inferior courts of the United States. They are all of limited jurisdiction; but they are not, on that account, inferior courts, in the technical sense of those words, whose judgments, taken alone, are to be disregarded. If the jurisdiction be not alleged in the proceedings, their judgments and decrees are erroneous, and may, upon a writ of error or appeal, be reversed for that cause. But they are not absolute nullities."

*Id.* This analysis applies here with even greater force as our district courts are courts of general jurisdiction.

In 1988 the Sealing Statute was repealed and reenacted with amendments. *See* n. 4, *supra.* Because the statute was simultaneously reenacted with only a partial change in wording, the district court did not lose subject matter jurisdiction to interpret the amended statute as a consequence of the repeal and reenactment. *See Callahan v. Jennings,* 16 Colo. 471, 27 P. 1055 (1891) (portion of amended sections which are merely copied without change are to be considered to have been the law all along). Because the statute continued to permit the petitions seeking the sealing of certain criminal records, a ruling or order of the trial court that is irregular or erroneous because it misapplies the law is not later open to collateral attack.

■ The district attorney in this case has argued that the order of the district court sealing E.J.R.'s criminal convictions is void, and has sought relief under C.R.C.P. 60(b)(3).[5] In this case, however, the trial court order was not void because the court retained proper subject matter jurisdiction over the issue before it. The court's judgment was, however, in error, according to our later decision in *D.K.B.* When the trial court ordered E.J.R.'s criminal records sealed, it was acting in accordance with current practice and law, therefore the subsequent invalidation of that practice by *D.K.B.* rendered the judgment erroneous but not void within the meaning of C.R.C.P. 60(b)(3). *King v. Everett,* 775 P.2d 65, 67 (Colo.App.) *cert. denied,* 786 P.2d 411 (Colo.1989). It is well settled that a judgment is not void simply because it is erroneous or is based upon precedent which is later deemed incorrect. *Davidson Chevrolet v. City and County of Denver,* 138 Colo. 171, 330 P.2d 1116 (1958); *Chicot,* 308 U.S. at 376, 60 S.Ct. at 319–20 (*citing McCormick v. Sullivant,* 10 Wheat. 192, 23 U.S. 192, 6 L.Ed. 300 (1825)); *Maesch v. Maesch,* 761 F.Supp. 584, 586 (S.D.Ind.1989); *see King,* 775 P.2d at 66 (in the interest of finality, the concept of void judgments is narrowly construed and does not include erroneous applications of law).

---

**5.** The federal cases referred to herein cite Fed. R.Civ.P. 60(b)(4) for void judgments. Our corresponding rule is C.R.C.P. 60(b)(3), which establishes the same principles and provides the same language as the federal rule.

An erroneous judgment is one rendered in accordance with the method of procedure and practice allowed by the law, but contrary to the law. *Davidson,* 138 Colo. at 174–75, 330 P.2d at 1118. In this case, the statute provides and the district court followed the method of procedure and practice which allows courts to close and seal records. However, because E.J.R. did not meet the requirements of the statute regarding which records could be sealed, the district court acted contrary to the law when it issued its order sealing E.J.R.'s records.[6] Hence, the May 13, 1991 order is erroneous but not void. Because the district attorney failed to contest E.J.R.'s petition before the trial court and then failed to appeal, the district attorney may not now, two years hence, use Rule 60 as a substitute for an appeal he failed to timely pursue. *Maesch,* 761 F.Supp. at 587; *see Lubben v. Selective Serv. Sys. Local Board No. 27,* 453 F.2d 645, 651 (1st Cir. 1972) (failure to prosecute an appeal bars relief under Rule 60(b)).

C

We have long recognized that a definite public interest exists in the assured final adjudication of controversies and conclusiveness of judgments. *See, e.g., McLeod v. Provident Mutual Life Insurance Co. of Philadelphia,* 186 Colo. 234, 240–41, 526 P.2d 1318, 1322 (1974). As stated in 1 Abraham Freeman, *Law of Judgments* § 305 at 602–3 (1925):

> The law aims to invest judicial transactions with the utmost permanency consistent with justice. That the formal pronouncements of legal tribunals upon causes submitted to them should enjoy every possible degree of finality and conclusiveness would seem to be a necessary predicate to the proper functioning of the courts themselves.... Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown.

In this case, permitting the district court, three years later, to reverse its earlier final judgment would undermine the security and validity of a judicial decision which determined rights with notice and the opportunity to object and later appeal. We have previously recognized the importance of finality in judgment. *See, e.g., Ravin v. Gambrell, By and Through Eddy,* 788 P.2d 817, 820 (Colo. 1990) (requirement of prejudice recognizes the policy of encouraging finality of judgments); *Craig v. Rider,* 651 P.2d 397, 403 (Colo.1982) (competing with the policy favoring resolution of disputes on their merits is the important interest in finality of judgments). Today, under these facts, we reaffirm that practice.

III

In sum, because E.J.R.'s interest in preserving the privacy of his criminal records is predicated on an order of the district court and not on the Sealing Statute, and because the order became a final judgment that the district attorney failed to appeal, we conclude E.J.R. has a vested right in preserving the confidentiality of his criminal records. We hold that the March 15, 1994 order of the district court that E.J.R.'s sealed records be unsealed constitutes an abuse of discretion. Accordingly, we make the rule absolute, and direct the district court to vacate its March 15, 1994 order.

ROVIRA, C.J., dissents, and ERICKSON and VOLLACK, JJ., join in the dissent.

Chief Justice ROVIRA, dissenting:

The majority holds that E.J.R. has a vested privacy interest in his criminal records created by the district court's 1991 sealing order (1991 order). In its desire to reach this conclusion, the majority characterizes as mere error the fact that the district court lacked subject matter jurisdiction to seal the record of E.J.R.'s conviction. Because the majority's rationalization contravenes the fundamental principle that a court must have

---

**6.** The district court's action was erroneous only if the claims of the prosecutor are correct in that the record contained a felony conviction.

jurisdiction to enter a valid order, I respectfully dissent.

## I.

The facts set forth in the majority opinion accurately reflect the procedural history of E.J.R.'s petition to seal the records relating to his 1986 criminal conviction.

### A.

My analysis begins with the fundamental premise that records of official actions in criminal proceedings are indeed public records. Section 24–72–303, 10B C.R.S. (1988) provides that "[s]uch records of official actions shall be maintained by the particular criminal justice agency which took the action and shall be open for inspection by any person at reasonable times, except as provided in this part 3 or as otherwise provided by law." Official actions include records of arrests, indictments, charging by information and final case dispositions. § 24–72–302(6) & (7), 10B C.R.S. (1988). We have explained that any privacy right a convicted person may have in records of criminal proceedings stems solely from statutory enactments that limit access to otherwise public information.[7] *People v. D.K.B.*, 843 P.2d 1326, 1330 (Colo. 1993).

In 1977, the General Assembly enacted the Criminal Justice Records Act (sealing statute) under which a person could petition the district court to seal records dealing with criminal proceedings.[8] § 24–72–308(1)(a), 10B C.R.S. (1978). In 1988, the General Assembly amended the statute by placing express limitations on the district court's au-

thority to seal criminal records. The reenacted statute eliminated the statutory provision which allowed courts to seal records pertaining to criminal convictions, restricting a court's sealing power to those instances where a party in interest "was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted." § 24–72–308(1)(a), 10B C.R.S. (1988).[9] In its decision to unseal E.J.R.'s records, the district court considered the relationship between the repealed and reenacted version of the sealing statute and concluded that it was without subject matter jurisdiction to enter the 1991 order.

We considered the effect of the repeal and reenactment of the sealing statute in *People v. D.K.B.*, 843 P.2d 1326 (Colo.1993). In *D.K.B.* we explained "[n]either this court nor the United States Supreme Court has held that a convicted person has a right to privacy in his arrest and conviction records." *D.K.B.*, 843 P.2d at 1330. There, we held that because a person's right to seal conviction records was created by statute, "the ability of respondents to petition and be heard under the 1977 statute was 'extinguished' by its repeal." *Id.* at 1331.

The majority attempts to distinguish *D.K.B.* because there the court had not yet entered a sealing order, and here the court had ordered E.J.R.'s records sealed. This distinction ignores the premise underlying our holding in *D.K.B.* that "no proceedings can be pursued under [a] repealed statute, though begun before the repeal, unless such proceedings be authorized under a special clause in the repealing act." *D.K.B.*, 843 P.2d at 1331; *see also* Norman J. Singer,

---

7. While we have recognized a privacy interest in records of criminal proceedings, *see Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972), we have explained this privacy right is qualified rather than absolute. *People v. D.K.B.*, 843 P.2d 1326, 1331 (Colo.1993).

8. Section 24–72–308(1)(a), 10B C.R.S. (1978), Sealing or limiting release of records provided in pertinent part:
   Any person in interest may petition the court of his residence or of the district court in which the arrest and criminal records information pertaining to him is located for the sealing of all or any part of said record, except basic identification information.

9. Act approved April 20, 1988, ch. 190, sec. 3, 1988 Colo.Sess.Laws 979, 979–81. Section 24–72–308(1)(a), 10B C.R.S. (1988) now provides:

   Any person in interest may petition the district court of the district in which any arrest and criminal records pertaining to said person in interest is located for the sealing of all said records, except basic identification information, if the records are a record of official actions involving a criminal offense for which said person in interest was not charged, in any case which was completely dismissed, or in any case in which said person in interest was acquitted.

Sutherland Statutory Construction § 23.07 (5th ed. 1993) which explains:

> The repeal of a statute without any reservation takes away all remedies given by the repealed statute and defeats all actions and proceedings pending under it at the time of its repeal. . . . Where the repeal is clearly stated, the courts have no responsibility or authority but to follow and apply the legislative will as expressed.

While it is true that an act of repeal does not divest a party of vested property or contract rights, *id.* § 23.34, the right must have *accrued under the repealed statute. See also Coombes v. Getz,* 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932) (explaining property and contract rights which have vested before a repealing act cannot be divested solely based on repeal). It follows, then, that individuals convicted of a crime who petitioned to seal their records prior to April 20, 1988, have a vested right in their sealing orders. These orders accrued under the existing statute. E.J.R. is not in this position. His petition was filed in 1991, over two years after the statute was repealed. Just as repeal of § 24–72–308(1)(a) extinguished D.K.B.'s right to petition for a sealing order, the repeal also extinguished the district court's subject matter jurisdiction to enter E.J.R.'s order. Accordingly, any order to seal the records of a criminal conviction entered after April 20, 1988, including E.J.R.'s 1991 order, is void because the district court no longer had the statutory authority to enter such an order.

In his brief, E.J.R. stated that "[w]hether or not the lower court lacked subject matter jurisdiction is of no consequence here." The majority attempts to dismiss this defect by calling the entry of the judgment an error. Both of these statements are simply incorrect. "[A] court must have jurisdiction over the parties and the subject matter of the issue to be decided if its judgment is to be valid." *In re Marriage of Stroud,* 631 P.2d 168, 170 (Colo.1981). We have recognized that district courts are courts of general jurisdiction and have "sweeping jurisdictional powers *in the absence of limiting legislation." See Meyer v. Lamm,* 846 P.2d 862, 869 (Colo.1993) (quoting *In re A.W.,* 637 P.2d 366, 373–74 (Colo.1981) (emphasis supplied)). While it is true that courts generally have power to adjudicate issues in the class of suits to which a particular case belongs, maj. op. at 224, when the General Assembly explicitly limits a court's jurisdiction, a court has no option but to abide by the legislature's intent.[10] I am not persuaded by the majority's view that the "district court did not lose subject matter jurisdiction to interpret the amended statute as a consequence of the repeal and reenactment." Maj. op. at 225. The General Assembly explicitly excluded records of criminal convictions from the sealing statute, leaving no room for "interpretation." This explicit limitation made entry of the 1991 order void for lack of subject matter jurisdiction.

We have considered the effect of a void judgment on numerous occasions and have consistently held that a judgement entered where a jurisdictional defects exist *is a nullity. See, e.g., People v. Dillon,* 655 P.2d 841 (Colo.1982) ("It is axiomatic that any action taken by a court when it lacked jurisdiction is a nullity." (citations omitted)); *Davidson Chevrolet, Inc. v. City and County of Denver,* 138 Colo. 171, 330 P.2d 1116 (1958) (same), *cert. denied* 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959); *see also In re Marriage of Pierce,* 720 P.2d 591 (Colo.App.1985) (same). We were emphatic about the effect of a void judgment in *Davidson:*

> A judgment entered where such a defect exists [lack of subject matter jurisdiction] has neither life nor incipience, and a court is impuissant to invest the judgment with even a fleeting spark of vitality, but can only determine it to be what it is—a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Davidson Chevrolet, Inc. v. City and County of Denver,* 138 Colo. 171, 175, 330 P.2d 1116, 1118–19.

**10.** Further, in *People v. Wright,* 43 Colo.App. 30, 31, 598 P.2d 157, 158 (Colo.App.1979) the court of appeals explained that because the "Criminal Justice Records Act provides a comprehensive scheme concerning criminal records, the statutory remedies are *exclusive* for those persons whose records come within the purview of the statute." (emphasis supplied).

Further, we have explained that a trial court has no discretion in setting aside a judgment that is void. *Stroud*, 631 P.2d at 170 n. 5 (A "judgment either is void or it isn't and relief must be afforded accordingly.").

The majority correctly points out that the People did not appeal the original sealing order. Maj. op. at 226. Failure to appeal, however, does not remedy a deficiency in subject matter jurisdiction. The rules of civil procedure allow a party to move for relief from a *final* judgment upon recognition of this basic failure.[11] The rule does not require that a party exhaust any avenue of direct appeal prior to moving for relief from a final judgment. The majority relies on *Lubben v. Selective Serv. System Local Bd. No. 27*, 453 F.2d 645 (1st Cir.1972) to support its contention that failure to appeal precludes attack of a judgment for want of subject matter jurisdiction. *Lubben*, however, did not deal with a void judgment, but rather, addressed a motion for relief under Rule 60(b)(6), the residual clause of Federal Rule 60(b), which covers motions for relief from judgment for any reason *other* than those enumerated in Rule 60(b)(1) through (5). While a Rule 60(b) motion should not be used to circumvent proper appeal, we have explained the importance of subject matter jurisdiction permits the issue to be raised at any time. *Sanchez v. State*, 730 P.2d 328 (Colo. 1986); *Greene v. Phares*, 124 Colo. 433, 237 P.2d 1078 (1951). Thus, the passage of time is not dispositive because a judgment attacked as void for lack of subject matter jurisdiction is not subject to the time limitations set forth in Rule 60(b)(3). *United Bank of Boulder, N.A. v. Buchanan*, 836 P.2d 473 (Colo.App.1992).[12]

I appreciate the importance of final judgments emphasized by the majority. I do not believe, however, that we can allow a wrongfully entered order to stand merely to preserve status quo.

### B.

In his brief, E.J.R. relies on two cases where federal statutes were ruled unconstitutional to support his *res judicata* argument. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Douglas–Guardian Warehouse v. Posey*, 486 F.2d 739 (10th Cir.1973). The majority also relies on *Chicot County* for the proposition that judgments entered where the jurisdiction is later challenged in a collateral proceeding should not be considered a nullity. Maj. op. at 225. It points out that the Court in *Chicot County* refused to disturb rights previously adjudicated under an unconstitutional statute. In my view neither this case nor Douglas–Guardian Warehouse is sufficiently analogous to provide support for E.J.R.'s argument. Both cases deal with federal court jurisdiction, and more importantly the constitutionality of the statute conferring jurisdiction. Further, both cases deal with collateral attacks on jurisdiction, not with a direct attack.[13] Here, however, we deal with the application of a constitutional statute and a direct attack on jurisdiction.

In *Chicot County*, the Supreme Court refused to overturn a federal district court ruling after the Supreme Court held that the statute creating federal court jurisdiction to enter the ruling was unconstitutional. The Court concluded determinations of *unconstitutionality* must be taken "with qualifications" and that such holdings "demand exam-

---

**11.** C.R.C.P. 60(b) provides:

On motion and on such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (3) the judgment is void.

**12.** E.J.R. argues the District Attorney engaged in an impermissible collateral attack on the 1991 order. This is not the case. While the District Attorney initiated the petition after filing additional criminal charges, the petition to unseal the records is a direct attack on the 1991 Order brought in the same court. Further, no support exists for E.J.R.'s argument that collateral attack on a void judgement is improper. "There is no

question but that in Colorado, as elsewhere, a judgment rendered without jurisdiction is void and may be attacked directly or *collaterally." In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981) (citations omitted) (emphasis added).

**13.** *Chicot County* provides no guidance with respect to a direct attack under C.R.C.P. 60(b)(3) because *Chicot County* was decided in 1940, six years before the adoption of Federal Rule 60(b)(4). *See* Annotation, Milton Roberts, *Lack of Jurisdiction, or Jurisdictional Error, Rendering Federal District Court Judgment "Void" for Purposes of Relief Under Rule 60(b)(4) of Federal Rules of Civil Procedure*, 59 ALR Fed. 831 § 11 (1982 & 1994 Supp.).

**230**

ination." *Chicot County,* 308 U.S. at 374, 60 S.Ct. at 319. After explaining that the jurisdiction of a lower federal court is a question for "judicial determination," the Court concluded that when "their [lower court] judgments and decrees are erroneous and may, upon a writ of error or appeal, be reversed for cause. . . . they are not absolute nullities." *Id.* at 376, 60 S.Ct. at 320. Here, however, we have consistently held that a state court order entered without subject matter jurisdiction is a nullity.[14]

E.J.R. points out that the *Chicot County* Court admonished lower courts to consider the "public policy in the light of the nature both of the statute and of its previous application . . ." when considering *res judicata* arguments. *Chicot County,* 308 U.S. at 374, 60 S.Ct. at 319. Consideration of the public policy here requires that E.J.R.'s records be unsealed. The General Assembly expressly repealed a convicted criminal defendant's ability to seal criminal justice records, evincing a policy in direct conflict with E.J.R.'s argument.

E.J.R. contends that *Douglas–Guardian Warehouse v. Posey,* 486 F.2d 739 (10th Cir. 1973) supports his argument that the 1991 order cannot be disturbed under the doctrine of *res judicata.* In *Douglas–Guardian Warehouse* the plaintiffs brought an action in federal court seeking to enjoin the enforcement of state court replevin actions because the Supreme Court ruled that similar replevin statutes were unconstitutional. *Douglas–Guardian,* 486 F.2d at 741. *Douglas–Guardian* again deals with the constitutionality of a statute.[15] The *Douglas–Guardian* court explained "*lawfully* acquired vested rights in the form of state judgments . . . should not be lightly ignored." *Id.* at 743 (emphasis supplied). Here, however, we do not deal with a lawfully acquired right because no

14. Contrary to E.J.R.'s contention, *Chicot County* does not stand for the proposition that all judgments entered under an unconstitutional statute should be considered *res judicata.* *See United States v. United States Fidelity & Guar. Co.,* 309 U.S. 506, 514, 60 S.Ct. 653, 657, 84 L.Ed. 894 (1940) ("In the *Chicot County* case no inflexible rule as to collateral objection in general to judgments was declared. We explicitly limited our examination to the effect of a subsequent invalidation of the applicable jurisdictional statute upon an existing judgment in bankruptcy.").

15. In *Douglas–Guardian,* the court explained it was "not aware of any federal statute which

statutory authority existed for the court to enter the 1991 order.

II.

In my view examination of any court order begins with an inquiry into the court's authority to enter the ruling. The majority's conclusion that a court can create subject matter jurisdiction when none exists by interpreting a statute in derogation of the explicit statutory provisions should not be condoned. Because the district court properly concluded it lacked subject matter jurisdiction to enter its 1991 order, I would discharge the rule.

I am authorized to say that Justice ERICKSON and Justice VOLLACK, join in this dissent.

broadly authorizes a federal injunction to stay state court proceedings where the state statute involved has been subsequently found unconstitutional in a federal court." *Id.* at 743. The court refused to expand its jurisdiction by "carv[ing] out a new exception to § 2283." *Id.* We, too, should refuse to create district court jurisdiction when none exists.

